Garye Gilbert DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–87–00963–CR.

Court of Appeals of Texas,
Dallas.

July 11, 1988.

David A. Lewis, Terrell, for appellant.

Elizabeth Unger Carlyle and Louis W. Conradt, Jr., Kaufman, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

HOWELL, Justice.

Appellant Garye Gilbert Davis appeals his conviction of involuntary manslaughter in which a jury assessed punishment at ten years' confinement in Texas Department of Corrections plus a $5,000.00 fine. In addition, the trial court ordered that appellant make restitution to the family of the victim in the amount of $3,373.10 as a future condition of parole. In three points of error, appellant contends that the evidence is insufficient to support his conviction for involuntary manslaughter, that the trial court was without authority to add restitution to the judgment in the absence of a jury finding of restitution, and that the evidence is insufficient to support the amount of restitution entered in the judgment of the trial court. We overrule appellant's points and affirm the judgment of the trial court.

Appellant and the deceased had been dating for several months prior to the shooting incident that is the subject of this case. On December 31, 1986 appellant sought out and located the deceased at a club in Terrell, Texas. Appellant persuaded her to accompany him in his pickup truck. They drove to a location near the appellant's home in Terrell, disrobed and had sexual intercourse in the truck.

According to appellant's testimony, after the sexual interlude, he picked up a .32 caliber pistol that he kept in the beer holder of the truck. He began "playing with" the gun and spinning it on his index finger while he and the victim sat in the truck. Although appellant later testified that he did not know the gun was loaded, it discharged; decedent was struck between the eyes and died almost instantly. Appellant buried her nude body in a partially-constructed house nearby. On January 4, following interrogation appellant disclosed the location of the body to the police. He also took an officer to appellant's place of residence and showed to the officer the gun and the decedent's clothing, all hidden under his mattress.

Trial was to a jury. The court charged the jury on murder, involuntary manslaughter, and criminally negligent homicide. The jury returned a verdict that appellant was guilty of involuntary manslaughter. Appellant appeals that verdict.

■ In his first point of error, appellant contends that the evidence at trial was insufficient to support his conviction for involuntary manslaughter and would support only a conviction for criminally negligent homicide. His argument is two-pronged: (1) that there was no evidence that appellant knew the gun was actually loaded; (2) there was no evidence that appellant purposefully pointed the gun at the deceased. To the contrary, he argues that his testimony of accidental discharge is uncontroverted. We must sustain appellant's point if we conclude that, when reviewing the evidence in the light most favorable to the State, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim.App.1984). The only disputed element is appellant's mental state, i.e., appellant does not deny that the evidence was sufficient to show that his conduct was a producing cause of the death.

Appellant's conviction was for involuntary manslaughter. The penal code defines this offense as *"recklessly* caus[ing] the death of an individual." TEX.PEN.CODE ANN. 19.05(a)(1) (Vernon Supp.1987) [emphasis added]. A "reckless" mental state is defined as follows:

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX.PEN.CODE ANN. 6.03(c) (Vernon 1974). Appellant urges that the evidence supports a finding only that he acted with criminal negligence. The penal code instructs that:

[a] person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's stand'point.

TEX.PEN.CODE ANN. 6.03(d) (Vernon 1974). The difference between these two definitions is obvious. A person acts recklessly if he disregards a known risk; a person acts with criminal negligence if he fails to perceive a substantial or unjustifiable risk. The issue is whether the evidence is sufficient to show that appellant was aware of the risk involved in playing with a handgun in the close vicinity of the victim.

Appellant took the stand as a witness to tell his version of the shooting. On direct examination the following exchange took place:

DEFENSE COUNSEL: Mr. Davis, did you recognize that there is a risk involved with handling a handgun with another person in your immediate vicinity?

APPELLANT: *Yes, sir, I can understand,* but anything—I didn't think nothing were in the gun at the time.

[Emphasis added.] Thus, the evidence indicates a concession by appellant himself that he recognized the risk involved in his conduct.

Appellant places great emphasis on cases such as *Hunter v. State,* 647 S.W.2d 657 (Tex.Crim.App.1983) and *Branham v. State,* 583 S.W.2d 782 (Tex.Crim.App.1979). However, these appellate reversals occurred because the lower court *refused to submit a charge* on a lesser-included offense, e.g., involuntary manslaughter and/or criminally negligent homicide. In that instance, the lesser-included charge must be given if any evidence, when viewed in favor of the accused, indicates that appellant is guilty only of the lesser offense. *Thomas v. State,* 699 S.W.2d 845, 851 (Tex.Crim.App.1985); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (on reh'g). This test is diametrically opposed to a review of the sufficiency of the evidence to support the verdict, in which the evidence is viewed most favorably to the State. *See Sadler v. State,* 728 S.W.2d 829, 832 (Tex.App.—Dallas 1987, no pet.). The jury that convicted our appellant was charged on murder, involuntary manslaughter, and criminally negligent homicide.

We hold that the evidence is sufficient for the jury to find that appellant was aware of and consciously disregarded the risk involved in his conduct in handling the firearm around the victim. *See Sadler,* 728 S.W.2d at 832. As in *Sadler,* we must recognize that the precise circumstances of a death very commonly surface only in the testimony of the survivor who, if he be governed by the forces of human nature, will be wont to cast his testimony in a light most favorable to himself. The jury, after observing appellant and hearing his testimony first hand, implicitly concluded that appellant was aware of the risk created by his conduct. This conclusion is supported by the evidence adduced at trial. Appellant's first point is overruled.

■ In his second point, appellant complains of the trial court's entry of a finding of restitution in the absence of a jury finding to that effect. However, the clear language of the Code of Criminal Procedure allows such a result.

Each person to be released on parole shall be furnished a written statement and contract setting forth in clear and intelligible language the conditions and rules of parole. The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation *as established by the court and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment,* and shall require reasonable progress toward restitution or reparation.

TEX.CODE CRIM.PROC.ANN. art. 42.18 § 8(g)(1) (Vernon Supp.1988) [emphasis added]. Thus, it is clearly the function of the trial court, not the jury, to establish the amount of restitution for inclusion in the sentence. *See Harrison v. State,* 713 S.W.2d 760, 763–64 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). The second point is overruled.

In his third point, appellant complains that there was insufficient evidence to support the *amount* of restitution, because there was no evidence that the funeral expenses incurred in burying the deceased were just, reasonable, necessary, or customary in Kaufman County, Texas.

 The restitution ordered by the trial court will not be overturned on appeal absent an abuse of discretion. *Cartwright v. State,* 605 S.W.2d 287, 289 (Tex.Crim.App. 1980); *Wooley v. State,* 629 S.W.2d 867, 870 (Tex.App.—Austin 1982, pet. ref'd). However, the restitution ordered must be "just" and must be supported by sufficient factual evidence. *Cartwright,* 605 S.W.2d at 289; *Jones v. State,* 713 S.W.2d 796, 696 (Tex.App.—Tyler 1986, no pet.).

Restitution is defined as:

Act of restoring; restoration, restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage or injury; and indemnification.

*Black's Law Dictionary,* 5th ed.; *see also Thompson v. State,* 557 S.W.2d 521, 525 (Tex.Crim.App.1977) (defining restitution). Thus, we must review the record to determine if there was any evidence of an amount which would tend to "make good" the injured party.

 The victim's mother testified that the funeral expenses for the deceased amounted to $3,373.10, the amount of restitution ordered by the trial court. This was evidence of an amount which, if paid by appellant, would compensate the victim's family for the pecuniary loss it sustained from appellant's actions. *Compare, Cartwright,* 605 S.W.2d at 288–89 (no record evidence to support the amount of restitution found by trial court); *Thompson,* 557 S.W.2d at 525–26 (no record evidence to support the amount of restitution found by

trial court). It appears that appellant would have us borrow from civil actions the rule that a claimant must produce evidence, not only that his special damages were incurred, but that he must also produce evidence in the form of expert testimony that the amount incurred was reasonable and necessary. We refuse to do so. We note in passing that the rule appears to be in decline in civil actions. *See Jacobs v. Danny Darby Real Estate, Inc.,* 750 S.W. 2d 174 (Tex.1988).

 Conditions of probation and parole are not part of the judgment in a criminal action; they are the means by which a defendant may escape part of the punishment imposed by law. These conditions are within the control of the trial judge or the parole board. The trial court, in its discretion, impliedly found the amount of the funeral bill to be "just." We refuse to equate the statutory term "just" with the civil concept of reasonable and necessary. The fact that the mother willingly incurred the amount is a sufficient showing upon which the trial court could have concluded such amount to be "just." We hold that there is sufficient evidence in the record to support the trial court's order of restitution. *See Wooley,* 629 S.W.2d at 871. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.