Eaton et al v. Six 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-284-CV

     FLOYD J. EATON AND DOROTHY AKIN EATON, 
     INDIVIDUALLY AND AS TRUSTEES OF THE 
     JOSEPH WASHINGTON STOTT TRUST,
                                                                                              Appellants
     v.

     JEANIE M. SIX, INDEPENDENT EXECUTOR 
     OF THE ESTATE OF JOSEPH WASHINGTON STOTT, 
     DECEASED,
                                                                                              Appellee
 

From the County Court at Law #2
McLennan County, Texas
Trial Court # 94-0029PRI
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Jeanie Six requests that we dismiss this appeal because (1) Floyd and Dorothy Eaton have
failed to comply with the trial court's orders regarding the assets of the Joseph Washington Stott
Trust and (2) they have failed to follow its order increasing the amount of the cost bond supporting
this appeal. Tex. R. App. P. 46(c), 60(a)(1). Because the Eatons have failed to comply with the
order increasing the cost bond, we dismiss their appeal. Id.
      Six sued the Eatons for fraud, conversion, and fraudulent transfers of assets belonging to the
Stott Trust. On July 11, 1995, after a jury trial, the court rendered an interlocutory judgment for
approximately $980,000 against the Eatons. On the same day, Six obtained a temporary
restraining order prohibiting the Eatons from transferring any assets under their control derived
from the Trust. On July 20, the court established a receivership to take control of these assets. 
The Eatons were specifically instructed by the order to deliver all Trust assets to the receiver by
August 1. Additionally, the order enjoined the Eatons from making any transfers of the assets to
any person other than the receiver or Six. When the Eatons failed to transfer the assets to the
receiver, and in fact moved substantial amounts from one "off-shore" banking account to another
in direct violation of the court's orders, the court held them in contempt and issued a capias for
Floyd Eaton's arrest. Apparently, neither Eaton can now be located. 
      However, Six argues that the Eatons are following these proceedings by proxy. Because the
July 11 judgment did not dispose of all issue in the suit, it was interlocutory. On August 16, the
court granted Six's motion for severance, making the judgment final and appealable. On
September 15, despite the fact that Six had been unsuccessful in locating either Eaton or serving
any documents on them by certified mail since the verdict was returned, the Eatons filed a $1,000
deposit in lieu of bond with the trial court, along with a notice of appeal to this court. Thus, the
Eatons timely perfected their appeal even though they had not been officially served with any
instrument indicating that the appellate timetable was running. 
      After the Eatons filed their deposit in lieu of bond, the court issued an order in which it found
that the $1,000 deposit is insufficient security for the costs of this appeal and ordered them to
deposit an additional $6,500 by October 9. Id. 46(c). The Eatons have not complied with this
order either. 
      Rule 46(c) specifically authorizes the trial court to increase the amount of the cost bond. Id. 
"If the appellant fails to comply with such order, the appeal shall be subject to dismissal or
affirmance under Rule 60." Id. Thus, we grant Six's motion to dismiss this appeal. Id. 46(c);
60(a)(1).
      This cause is dismissed. All costs are assessed against the appellants.
                                                                               PER CURIAM

Before Chief Justice Thomas,
            Justice Cummings, and
            Justice Vance
Dismissed on appellee's motion
Opinion issued and filed October 25, 1995
Do not publish



, 380 (Tex. Crim App. 1990). Thus, we review the record to determine if there was sufficient
factual evidence of an amount which the court could find “just.” Cartwright, 605 S.W.2d at 289. 
The amount of expense incurred by a victim need not be supported by proof that it was reasonable.
Davis v. State, 757 S.W.2d 386, 389 (Tex. App.—Dallas 1988, no pet.). The fact that a party
willingly incurs an amount is sufficient evidence that the amount is “just.” Id. at 389. 
THE EVIDENCE
      During the penalty phase of the trial, Shaw testified with specific detail to the medical expenses
she incurred from physical injuries as a result of Maloy’s intoxication assault. Shaw’s testimony
details the expenses she incurred for her trips in ambulances, doctor visits, procedures, and
equipment necessary for recovery and rehabilitation. 
      Maloy objected to this testimony claiming that the amounts were not shown to be reasonable
and necessary. Without ruling, the court said that it would hear the testimony and determine the
admissibility at a later time. Further into Shaw’s testimony, Maloy made the same objection. The 
court then overruled both objections and stated that the admissibility for restitution purposes would
be determined later. 
THE ORDER
      The court ordered Maloy to pay $15,264.00 in restitution: $7333.00 to Shaw and $7931.00
to Shaw’s insurance company. The court did not make an express finding as to the sufficiency of
the facts to support these amounts or that the testimony of Shaw had been admitted for all purposes.
“JUST” AMOUNTS SUPPORTED BY THE RECORD
      An amount may be deemed “just” without a court specifically determining that the expense is
reasonable and necessary. Davis at 389. One court has found that testimony alone about the
amount of funeral expenses paid by the victim’s mother would factually support a restitution order. 
Todd v. State, 911 S.W.2d 807, 816 (Tex. App.—El Paso 1995, no pet.).
      Significantly, Article 42.037(k) provides that any dispute relating to the proper amount or type
of restitution shall be resolved by the court. Tex. Code Crim. Proc. Ann. § 42.037(k) (Vernon
Supp. 1999). The trial judge heard the detailed testimony of Shaw’s expenses. Shaw’s testimony
shows that she willingly incurred the expenses because the expenses were required for her
rehabilitation as a result of Maloy’s actions. The trial judge overruled Maloy’s objection that the
amounts were not shown to be reasonable and necessary and properly considered the amounts
testified to by Shaw in making a restitution order. Maloy has only challenged the adequacy of the
evidence to support medical expenses. The total amount of restitution ordered was not controverted
by Maloy. The court, in its discretion, impliedly found Shaw’s expenses to be “just” based upon
the testimony of Shaw. No abuse of discretion by the trial court is shown. 
      This case is distinguishable from Thompson v. State cited by appellant. Thompson v. State,
557 S.W.2d 521 (Tex. Crim. App. 1977). In Thompson, the appellant asserted that there was no
evidence of the economic damage suffered by the victim. The defendant hit the victim then failed
to stop and render aid. There was no testimony of specific medical expenses incurred as a result
of the hit and run. The Court of Criminal Appeals found that evidence of the condition of the
victim at the scene, and in the emergency room, even coupled with the judge viewing the victim
in the court room was not sufficient to support a restitution order of $12,000. Thompson, 557
S.W.2d at 525-26. Thompson does not control this case because Shaw testified regarding the
specific expense amounts incurred as a result of Maloy’s intoxication assault.
      Maloy further urges us to disregard the testimony of Shaw because the testimony is alleged to
be hearsay. In furtherance of this point, Maloy directs us to Cartwright, where the Court of
Criminal Appeals held a restitution award invalid because the award was based upon hearsay. 
Cartwright, 605 S.W.2d at 289. In this case, there was no hearsay objection made at the time of
the testimony. Maloy’s objections were that the medical expenses were not shown to be reasonable
and necessary. Nowhere in the record does Maloy object that the testimony was hearsay. Any
error that the testimony was hearsay was waived. Tex. R. App. P. 33.1(a). Further, Shaw 
testified about the amounts of medical expenses she actually incurred. Testimony of these amounts
about which she had direct knowledge is not hearsay. 
      Further, Cartwright is distinguishable from this case for another reason. In Cartwright, there
was no record of the proceedings below and a pre-sentencing investigation report was the entire
record for review. The Court of Criminal Appeals noted that the report mentioned the fact that the
victim had suffered financial losses but did not support the amount awarded. The court noted that
the report was hearsay. Id. at 289. Cartwright, was decided before the majority rule was
embraced by Texas Rule of Evidence 802 which treats hearsay admitted without objection the same
as all other evidence in that it is capable of sustaining a verdict. Tex. R. Evid. 802. See Chambers
v. State, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986). Thus, even if Shaw’s testimony is
hearsay, it would still support the trial court’s order of restitution.
PAYMENT TO INSURANCE COMPANY
      Finally, Maloy asserts that her objection that the amounts were not reasonable and necessary
served to give notice to the court that Maloy disputed the insurer’s subrogation claim. We do not
agree. Maloy’s issue as presented to this court addressed only the proof necessary to support
restitution for medical expenses. In our sound discretion, however, we will address this issue. 
Rochelle v. State, 791 S.W.2d 121, 124 (Tex. Crim. App.1990).
      It is a well established rule that an objection preserves only the specific ground or grounds
named. Bouchillon v. State, 540 S.W.2d 319, 322 (Tex. Crim. App.1976). An exception to this
general rule is if the correct ground of exclusion was obvious to the judge and to opposing counsel,
then no waiver results from general or imprecise objections. Zillender v. State, 557 S.W.2d 515,
517 (Tex. Crim. App. 1977), relying upon 1 McCormick & Ray, Evidence, Sec. 25, p. 25 (2d ed.
1956). In the case at bar, the judge considered and overruled Malloy’s objections. Both objections
at trial were that the amounts testified to had not been shown to be reasonable and necessary. 
Nowhere in this record do we find the slightest suggestion by Maloy that the losses incurred by
Shaw and paid by the insurance company were in dispute. The objection did not point to, nor did
it generally indicate, that Maloy challenged Shaw’s testimony on the basis that some of the expenses
were paid by Shaw’s insurance company.
      If Maloy was objecting that the court should not order restitution for amounts paid by the
insurance company, we find that the objection is defective because this objection would not have
been obvious to the trial judge or opposing counsel. Therefore, Maloy did not preserve any error
for review and we cannot consider new grounds on appeal. However as stated above, the
sentencing court is authorized to order payment to a third party who has paid the victim for the
expense incurred. Tex. Code Crim. Proc. Ann. art. 42.037 (Vernon Supp. 1999); Gonzalez, 954
S.W.2d at 106.
      The trial court properly overruled the objections that the amounts were not shown to be
reasonable and necessary and considered the testimony of Shaw. The trial court impliedly found
the testimony admissible and sufficient to support a restitution order. We do not find that the trial
court abused its discretion. 
      We affirm the court’s judgment.
                                                                                     TOM GRAY
                                                                                     Justice

Before   Chief Justice Davis,
            Justice Vance, and 
            Justice Gray
Affirmed
Opinion delivered and filed on April 7, 1999
Publish