CR5-086.dd.scoggins 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00086-CR







Marion Duane Scoggins a/k/a Thomas Duane Scoggins, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 93-119, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM



 A jury convicted Marion Duane Scoggins of indecency with a child. (1) The court
assessed punishment at sixteen years' imprisonment and ordered $15,900.94 in restitution. We
will affirm the trial court's judgment.

 Scoggins raises three points of error. He contends that the trial court erred by
reading too much testimony back to the jury, in forming the jury charge, and in ordering
restitution. If we find error, we must reverse unless we determine beyond a reasonable doubt that
the error made no contribution to his conviction or punishment. Tex. R. App. P. 81(b)(2).

 Scoggins complains by his first point of error that the court erred by reading
testimony unresponsive to the jury's request during deliberations. The Code of Criminal
Procedure provides that a jury that disagrees as to the statement of a witness may, "upon applying
to the court, have read to them from the court reporter's notes that part of such witness['s]
testimony or the particular point in dispute, and no other." Tex. Crim. Proc. Code Ann. art.
36.28 (West 1981) (emphasis provided). The jury requested reading of the victim's testimony
regarding who was on the bed and where Mr. Scoggins was, resulting in the following exchange: 



THE COURT REPORTER


Q: Tell us what happened on that occasion.


A: He said that we were all going to take a nap.


Q: Who said that?


A: Mr. Scoggins. And me and my sister, [A], and his son, [B], we laid down
on the bed and we were going to take a nap. [*]


Q: Okay. I want to ask you some specific questions again of how" --

 

MR. MCCORMACK: Well, Your Honor --


THE COURT REPORTER: -- "he was touching" --


MR. MCCORMACK: -- I thought we had just gone over which parts were going
to be read back.


THE COURT REPORTER: Oh, I'm sorry, Counsel. Let me read that again.

(Italics and asterisk added). 

The court reporter reread the above passage down to the bracketed asterisk, then read:

 Q: First I want to ask you: Was he laying on the bed with you?


 A: Yes, sir.

The jury then resumed deliberating.

 Scoggins contends that the passage read exceeded the scope of placing the parties
on the bed by mentioning touching. He contends that the reading of the word "touching"
disrupted the jurors' evaluation of the evidence and tainted the conviction. He argues that the
error tipped the jury in a close case toward convicting him.

 We find no reversible error for several reasons. Scoggins failed to preserve error
by obtaining an adverse ruling. See Tex. R. App. P. 52(a). He interrupted the reading and the
court reporter stopped reading. He did not seek to have the objectionable portion struck from the
record, nor ask that the jury be instructed to disregard the objectionable portion. Further, the
excess portion read was not testimony, but part of a question. The question segment did not state
a forbidden act because the statute does not outlaw all touching of children. Ample evidence
showed that Scoggins touched the particular, proscribed areas of the child's body for the
particular, proscribed reason. The reporter stopped before the question mentioned any particular
area touched. We find beyond a reasonable doubt that the excess portion did not contribute to his
conviction. We overrule point one.

 By point two, Scoggins contends that the court committed egregious error in the
jury charge by failing to conform the charge to the indictment. He complains that the charge set
out the elements of indecency with a child in the disjunctive, while the indictment set them out
in the conjunctive. (2) Scoggins complains that the disjunctive charge allowed the jurors to convict
on different theories; e.g., one juror might find that Scoggins touched her breast with an intent
to arouse, while another might find that he touched her genitals with intent to gratify. Courts
have considered and rejected this complaint. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex.
Crim. App. 1991), cert. denied, U.S. , 112 S. Ct. 2309, 119 L. Ed. 2d 230 (1992); Pine v.
State, 889 S.W.2d 625, 632 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). We overrule
point two.

 By point three, Scoggins contends that the court erred in ordering the payment of
restitution because insufficient evidence supported that order. We review the decision to award
restitution for abuse of discretion. Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App.
1980). The record must contain evidence to show that the amount of restitution is just and has
a factual basis. Id.; Thompson v. State, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977). The
State need not present evidence that the amount is reasonable. Davis v. State, 757 S.W.2d 386,
389 (Tex. App.--Dallas 1988, no pet.); see also In re J.R., 907 S.W.2d 107, 109 (Tex.
App.--Austin 1995, no writ) (juvenile case applying criminal procedural concepts to restitution).

 We find the trial court's award of $15,900.94 just. The amount awarded equalled
the amount the victim's father claimed he had been billed for medical and counseling services
provided to his daughter; the trial court rejected his claims for his own lost wages and expenses
connected with the prosecution of the case. Contrary to Scoggins's contentions, we find that the
victim's father stated that both hospitalizations and the subsequent counseling sessions arose from
the victim's difficulties in coping with the actions for which Scoggins was convicted. Scoggins
presented no contrary evidence, nor did he present any evidence that the medical expenses were
unreasonable. We overrule point three.

 Having overruled all points of error, we affirm the judgment. 


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Do Not Publish
1. The jury acquitted him of aggravated sexual assault.
2. The charge allowed conviction if the jury found that he


did then and there intentionally or knowingly engage in sexual contact with [V], a
child then and there younger than 17 years of age and not the spouse of said
Defendant, by then and there touching the breast or a part of the genitals of the
said [V] with the hand of said Defendant, with intent to arouse or gratify the
sexual desire of said Defendant.


(Emphasis added). Each emboldened "or" was an "and" in the indictment.



convicting him.

 We find no reversible error for several reasons. Scoggins failed to preserve error
by obtaining an adverse ruling. See Tex. R. App. P. 52(a). He interrupted the reading and the
court reporter stopped reading. He did not seek to have the objectionable portion struck from the
record, nor ask that the jury be instructed to disregard the objectionable portion. Further, the
excess portion read was not testimony, but part of a question. The question segment did not state
a forbidden act because the statute does not outlaw all touching of children. Ample evidence
showed that Scoggins touched the particular, proscribed areas of the child's body for the
particular, proscribed reason. The reporter stopped before the question mentioned any particular
area touched. We find beyond a reasonable doubt that the excess portion did not contribute to his
conviction. We overrule point one.

 By point two, Scoggins contends that the court committed egregious error in the
jury charge by failing to conform the charge to the indictment. He complains that the charge set
out the elements of indecency with a child in the disjunctive, while the indictment set them out
in the conjunctive. (2) Scoggins complains that the disjunctive charge allowed the jurors to convict
on different theories; e.g., one juror might find that Scoggins touched her breast with an intent
to arouse, while another might find that he touched her genitals with intent to gratify. Courts
have considered and rejected this complaint. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex.
Crim. App. 1991), cert. denied, U.S. , 112 S. Ct. 2309, 119 L. Ed. 2d 230 (1992); Pine v.
State, 889 S.W.2d 625, 632 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). We overrule
point two.

 By point three, Scoggins contends that the court erred in ordering the payment of
restitution because insufficient evidence supported that order. We review the decision to award
restitution for abuse of discretion. Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App.
1980). The record must contain evidence to show that the amount of restitution is just and has
a factual basis. Id.; Thompson v. State, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977). The
State need not present evidence that the amount is reasonable. Davis v. State, 757 S.W.2d 386,
389 (Tex. App.--Dallas 1988, no pet.); see also In re J.R., 907 S.W.2d 107, 109 (Tex.
App.--Austin 1995, no writ) (juvenile case applying criminal procedural concepts to restitution).

 We find the trial court's award of $15,900.94 just. The amount awarded equalled
the amount the victim's father claimed he had been billed for medical and counseling services
provided to his daughter; the trial court rejected his claims for his own lost wages and expenses
connected with the prosecution of the case. Contrary to Scoggins's contentions, we find that the
victim's father stated that both hospitalizations and the subsequent counseling sessions arose from
the victim's difficulties in coping with the actions for which Scoggins was convicted. Scoggins
presented no contrary evidence, nor did he present any evidence that the medical expenses were
unreasonable. We overrule point three.

 Having overruled all points of error, we affirm the judgment. 


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Do Not Publish
1. The jury acquitted him of aggravated sexual assault.
2. The charge allowed conviction if the jury found that he


did then and there intentionally ormed

Filed: April 3, 1996

Do Not Publish
1. The jury acquitted him of aggravated sexual assault.
2. The charge allowed conviction if the jury found that he


did then and there intentionally or>






Marion Duane Scoggins a/k/a Thomas Duane Scoggins, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 93-119, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM



 A jury convicted Marion Duane Scoggins of indecency with a child. (1) The court
assessed punishment at sixteen years' imprisonment and ordered $15,900.94 in restitution. We
will affirm the trial court's judgment.

 Scoggins raises three points of error. He contends that the trial court erred by
reading too much testimony back to the jury, in forming the jury charge, and in ordering
restitution. If we find error, we must reverse unless we determine beyond a reasonable doubt that
the error made no contribution to his conviction or punishment. Tex. R. App. P. 81(b)(2).

 Scoggins complains by his first point of error that the court erred by reading
testimony unresponsive to the jury's request during deliberations. The Code of Criminal
Procedure provides that a jury that disagrees as to the statement of a witness may, "upon applying
to the court, have read to them from the court reporter's notes that part of such witness['s]
testimony or the particular point in dispute, and no other." Tex. Crim. Proc. Code Ann. art.
36.28 (West 1981) (emphasis provided). The jury requested reading of the victim's testimony
regarding who was on the bed and where Mr. Scoggins was, resulting in the following exchange: 



THE COURT REPORTER


Q: Tell us what happened on that occasion.


A: He said that we were all going to take a nap.


Q: Who said that?


A: Mr. Scoggins. And me and my sister, [A], and his son, [B], we laid down
on the bed and we were going to take a nap. [*]


Q: Okay. I want to ask you some specific questions again of how" --

 

MR. MCCORMACK: Well, Your Honor --


THE COURT REPORTER: -- "he was touching" --


MR. MCCORMACK: -- I thought we had just gone over which parts were going
to be read back.


THE COURT REPORTER: Oh, I'm sorry, Counsel. Let me read that again.

(Italics and asterisk added). 

The court reporter reread the above passage down to the bracketed asterisk, then read:

 Q: First I want to ask you: Was he laying on the bed with you?


 A: Yes, sir.

The jury then resumed deliberating.

 Scoggins contends that the passage read exceeded the scope of placing the parties
on the bed by mentioning touching. He contends that the reading of the word "touching"
disrupted the jurors' evaluation of the evidence and tainted the conviction. He argues that the
error tipped the jury in a close case toward convicting him.

 We find no reversible error for several reasons. Scoggins failed to preserve error
by obtaining an adverse ruling. See Tex. R. App. P. 52(a). He interrupted the reading and the
court reporter stopped reading. He did not seek to have the objectionable portion struck from the
record, nor ask that the jury be instructed to disregard the objectionable portion. Further, the
excess portion read was not testimony, but part of a question. The question segment did not state
a forbidden act because the statute does not outlaw all touching of children. Ample evidence
showed that Scoggins touched the particular, proscribed areas of the child's body for the
particular, proscribed reason. The reporter stopped before the question mentioned any particular
area touched. We find beyond a reasonable doubt that the excess portion did not contribute to his
conviction. We overrule point one.

 By point two, Scoggins contends that the court committed egregious error in the
jury charge by failing to conform the charge to the indictment. He complains that the charge set
out the elements of indecency with a child in the disjunctive, while the indictment set them out
in the conjunctive. (2) Scoggins complains that the disjunctive charge allowed the jurors to convict
on different theories; e.g., one juror might find that Scoggins touched her breast with an intent
to arouse, while another might find that he touched her genitals with intent to gratify. Courts
have considered and rejected this complaint. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex.
Crim. App. 1991), cert. denied, U.S. , 112 S. Ct. 2309, 119 L. Ed. 2d 230 (1992); Pine v.
State, 889 S.W.2d 625, 632 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). We overrule
point two.

 By point three, Scoggins contends that the court erred in ordering the payment of
restitution because insufficient evidence supported that order. We review the decision to award
restitution for abuse of discretion. Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App.
1980). The record must contain evidence to show that the amount of restitution is just and has
a factual basis. Id.; Thompson v. State, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977). The
State need not present evidence that the amount is reasonable. Davis v. State, 757 S.W.2d 386,
389 (Tex. App.--Dallas 1988, no pet.); see also In re J.R., 907 S.W.2d 107, 109 (Tex.
App.--Austin 1995, no writ) (juvenile case applying criminal procedural concepts to restitution).

 We find the trial court's award of $15,900.94 just. The amount awarded equalled
the amount the victim's father claimed he had been billed for medical and counseling services
provided to his daughter; the trial court rejected his claims for his own lost wages and expenses
connected with the prosecution of the case. Contrary to Scoggins's contentions, we find that the
victim's father stated that both hospitalizations and the subsequent counseling sessions arose from
the victim's difficulties in coping with the actions for which Scoggins was convicted. Scoggins
presented no contrary evidence, nor did he present any evidence that the medical expenses were
unreasonable. We overrule point three.

 Having overruled all points of error, we affirm the judgment. 


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Do Not Publish
1. The jury acquitted him of aggravated sexual assault.
2. The charge allowed conviction if the jury found that he


did then and there intentionally or knowingly engage in sexual contact with [V], a
child then and there younger than 17 years of age and not the spouse of said
Defendant, by then and there touching the breast or a part of the genitals of the
said [V] with the hand of said Defendant, with intent to arouse or gratify the
sexual desire of said Defendant.


(Emphasis added). Each emboldened "or" was an "and" in the indictment.



convicting him.

 We find no reversible error for several reasons. Scoggins failed to preserve error
by obtaining an adverse ruling. See Tex. R. App. P. 52(a). He interrupted the reading and the
court reporter stopped reading. He did not seek to have the objectionable portion struck from the
record, nor ask that the jury be instructed to disregard the objectionable portion. Further, the
excess portion read was not testimony, but part of a question. The question segment did not state
a forbidden act because the statute does not outlaw all touching of children. Ample evidence
showed that Scoggins touched the particular, proscribed areas of the child's body for the
particular, proscribed reason. The reporter stopped before the question mentioned any particular
area touched. We find beyond a reasonable doubt that the excess portion did not contribute to his
conviction. We overrule point one.

 By point two, Scoggins contends that the court committed egregious error in the
jury charge by failing to conform the charge to the indictment. He complains that the charge set
out the elements of indecency with a child in the disjunctive, while the indictment set them out
in the conjunctive. (2) Scoggins complains that the disjunctive charge allowed the jurors to convict
on different theories; e.g., one juror might find that Scoggins touched her breast with an intent
to arouse, while another might find that he touched her genitals with intent to gratify. Courts
have considered and rejected this complaint. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex.
Crim. App. 1991), cert. denied, U.S. , 112 S. Ct. 2309, 119 L. Ed. 2d 230 (1992); Pine v.
State, 889 S.W.2d 625, 632 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). We overrule
point two.

 By point three, Scoggins contends that the court erred in ordering the payment of
restitution because insufficient evidence supported that order. We review the decision to award
restitution for abuse of discretion. Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App.
1980). The record must contain evidence to show that the amount of restitution is just and has
a factual basis. Id.; Thompson v. State, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977). The
State need not present evidence that the amount is reasonable. Davis v. State, 757 S.W.2d 386,
389 (Tex. App.--Dallas 1988, no pet.); see also In re J.R., 907 S.W.2d 107, 109 (Tex.
App.--Austin 1995, no writ) (juvenile case applying criminal procedural concepts to restitution).

 We find the trial court's award of $15,900.94 just. The amount awarded equalled
the amount the victim's father claimed he had been billed for medical and counseling services
provided to his daughter; the trial court rejected his claims for his own lost wages and expenses
connected with the prosecution of the case. Contrary to Scoggins's contentions, we find that the
victim's father stated that both hospitalizations and the subsequent counseling sessions arose from
the victim's difficulties in coping with the actions for which Scoggins was convicted. Scoggins
presented no contrary evidence, nor did he present any evidence that the medical expenses were
unreasonable. We overrule point three.

 Having overruled all points of error, we affirm the judgment. 


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Do Not Publish
1. The jury acquitted him of aggravated sexual assault.
2. The charge allowed conviction if the jury found that he


did then and there intentionally or(8SPAN>


did then and there intentionally or