TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00234-CR






Genaro Urias, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-021, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING








 Pursuant to a plea agreement, appellant entered a plea of guilty to the offense of
intoxication assault. See Tex. Penal Code Ann. § 49.07 (West 1994). In accordance with the plea
agreement, the trial court assessed punishment at five years probated, a $1,000 fine, twenty days
in jail as a condition of probation, 300 hours of community service and restitution to the victim
in the amount of $30,044.91. The plea agreement provided for "Restitution as determined by the
court, if any." Appellant asserts two points of error, contending that the trial court erred by: (1)
ordering restitution to the injured party after she had settled her claims against appellant with
appellant's insurance company, and (2) setting an amount of restitution that was not supported by
the evidence. We will overrule appellant's points of error and affirm the judgment of the trial
court.

 The undisputed evidence shows that during the early morning hours of October 14,
1996, Christina Martinez was seriously injured in a one-vehicle accident. Appellant, the driver
of the vehicle, had a blood alcohol level of .217. The estimated speed of the vehicle prior to the
accident was calculated at 98.6 miles per hour. On November 15, 1996, Christina's father, as
natural guardian and next friend of his daughter, settled Christina's claim with appellant's
insurance company for $25,000, executing a release providing that it was a full and final
settlement.

 In his first point of error, appellant contends that the trial court erred in ordering
restitution since the parties had settled all claims and appellant had been released from further
liability. This appears to be a case of first impression in this state. However, federal circuit
courts have considered this issue and ruled adversely to appellant's position. See U.S. v. Parsons,
141 F.3d 386 (1st Cir. 1998); U.S. v. Savoie, 985 F.2d 612 (1st Cir. 1993); U.S. v. Cloud, 872
F.2d 846, 853-54 (9th Cir. 1989). In Savoie, the court held that "private parties cannot simply
agree to waive the application of a criminal statute . . . . Because the law will not tolerate
privately negotiated end runs around the criminal justice system, we reject [defendant's] claim that
the district court could no longer order [defendant] to make restitution. At the same time and for
the same reason, we reject [defendant's] related claim that the settlement figure capped the amount
of restitution that could be ordered." Id. at 619. Parsons held "that a release by the victim does
not preclude or cap restrictions of losses as a part of criminal sentencing in a case when there is
no double recovery." Id. at 393. We find that what would appear to be a contrary holding in
U.S. v. Coleman, 997 F.2d 1101 (5th Cir. 1993), is distinguishable. In Coleman the restitution
was ordered on behalf of a government agency in a criminal case. The agency had previously
settled with the defendants covering the same transaction involved in the criminal case. The
settlement agreement was signed and adopted by the government with the approval and
participation of the same prosecutor who prosecuted the criminal action. Id. at 1107. Patently,
the instant cause is distinguishable, since the State was not involved in both the criminal and civil
proceedings. We find the rationale that furnishes the underpinning of the federal circuit cases
persuasive. Accordingly, we hold that the settlement on behalf of the injured party with the
insurance company was not a bar to the trial court ordering restitution as a condition of probation. 
Appellant's first point of error is overruled.

 In his second point of error, appellant urges that there was insufficient evidence to
support the trial court's condition of probation ordering appellant to pay $30,044.91. The Texas
probation statute provides that the trial court "may impose any reasonable condition that is
designed to . . . protect or restore the victim." See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 11(a) (West Supp. 1999). Appellant contends that the victim, Christina Martinez, was not
qualified to testify to medical expenses and that there was no correlation between medical bills and
the amount of restitution. In addition, appellant points to Martinez having used money received
from the insurance company to purchase an automobile.

 An instrument titled "Restitution Sheet for Medical Bills" was admitted in evidence. 
The exhibit lists all of the medical providers, the amounts billed Martinez by each provider, and
the amounts paid each provider by her medical insurance coverage. Martinez testified that the
bills resulted from a two-month stay in the hospital. The total amount shown to have been billed
Martinez was $182,777.13 of which amount her insurance paid the provider $152,732.11, leaving
an amount of $30,044.91 that Martinez owed the providers. Martinez testified that she had
personal knowledge of the expenses shown on the restitution sheet because she was the patient who
received all the medical treatment and care, and that the bills were sent directly to her home.

 Martinez stated that she would incur future medical expenses since she was going
to have surgeries on her left shoulder which was injured in the accident. Under cross-examination, Martinez stated that out of the insurance settlement, after her attorney was paid, she
received $18,000 that was used to pay "some of my doctor's visits and I had gotten a car to take
me to and from the hospital and the clinic, because my parents were working at the time and they
didn't have a reliable car." Martinez "did not have any other way to get to therapy other than
to get [her] own vehicle." 

 The restitution ordered by the trial court will not be overturned on appeal absent
an abuse of discretion. See Wooley v. State, 629 S.W.2d 867, 870 (Tex. App.--Austin 1982, pet.
ref'd). However, the restitution ordered must be just and must be supported by sufficient factual
evidence. See Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). The court in
Davis v. State, 757 S.W.2d 386, 389 (Tex. App.--Dallas 1988, no pet.), rejected the defendant's
argument that the claimant in restitution cases must produce evidence in the form of expert
testimony. The court held that the victim's mother's testimony that she incurred funeral expenses
in the amount of $3,373.10 constituted a sufficient showing upon which the trial court could have
concluded that such amount was "just," stating "[w]e refuse to equate the statutory term 'just' with
the civil concept of reasonable and just." Id.

 We find that there was sufficient evidence in the instant cause to support the trial
court's order of restitution. Accordingly, we hold that the trial court did not abuse its discretion
in ordering restitution in the amount of $30,044.91. Appellant's second point of error is
overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Yeakel and Davis*

Affirmed

Filed: February 25, 1999

Publish














* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



nment with the approval and
participation of the same prosecutor who prosecuted the criminal action. Id. at 1107. Patently,
the instant cause is distinguishable, since the State was not involved in both the criminal and civil
proceedings. We find the rationale that furnishes the underpinning of the federal circuit cases
persuasive. Accordingly, we hold that the settlement on behalf of the injured party with the
insurance company was not a bar