# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00014-CR

**Quintin Joseph Carruthers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 59138, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Quintin Joseph Carruthers pleaded guilty to burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2003). The trial court adjudged him guilty and sentenced him to twenty years in prison. The trial court also ordered appellant to pay $4,000 in restitution to the victim of the offense. In his only point of error, appellant contends that there is no factual basis in the record for the amount of restitution ordered.[1] We will affirm the judgment.

---

[1] Appellant did not object below to the amount of restitution ordered, nor did he file a motion for new trial raising the issue. The court of criminal appeals has held, "If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly." *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) (footnotes omitted). The court did not decide whether a defendant must object in the trial court to preserve an evidentiary sufficiency claim regarding the amount of restitution; that is, to challenge the factual basis for the amount of restitution ordered. *Id*. at 922. The State does not contend that appellant failed to preserve his point of error.

The court that sentences a defendant may order him to make restitution to the victim of the offense. Tex. Code Crim. Proc. Ann. art. 42.037(a) (West 2006). If the offense results in the permanent loss of property, the court may order the defendant to pay the victim an amount equal to the value of the property on the date of the loss or on the date of sentencing, whichever is greater. *Id*. art. 42.037(b)(1)(B). The court must resolve any dispute relating to the proper amount or type of restitution, and it is the State's burden to prove the amount of the victim's loss by a preponderance of the evidence. *Id*. art. 42.037(k). Due process requires that there be evidence in the record to show that the amount of restitution ordered has a factual basis. *Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980).

The complaining witness, Douglas Dempsey, testified that he and his wife returned home from lunch to find that someone had broken into their residence. He described what he found inside the house:

> There was footprints in the bedroom where they went through the bedroom and they jumped across our bed. There was grass and dirt and debris. The drawers were open. Stuff was flung around the bedroom. Stereo was missing.
>
> The TV/DVD combo, 22 inch screen was missing. Approximately 150 DVDs were missing. . . .
>
> . . . The kids' room was—because I have my 11-year-old daughter as well resides with her mother. Their room was turned upside down.
>
> The DVD player only was missing out of their room. And all the drawers were open.
>
> The computer desk drawer was open. I had a substantial amount of money in that, that was missing. . . .

Dempsey testified that none of the missing items was recovered. Responding to the prosecutor's questions, Dempsey acknowledged filling out a "restitution card" indicating that his total loss was "about $4,000." Dempsey confirmed that this was the "sum total" of all the things taken from his house in the burglary. The trial court referred to this testimony as the basis for the order directing appellant to pay $4,000 in restitution.

Appellant argues that Dempsey's testimony did not provide a factual basis for the amount of restitution ordered. He complains that Dempsey did not assign a value to any specific item taken in the burglary. He dismisses Dempsey's testimony that the total loss was $4,000 as a "bald statement" unsupported by documentation, detail, or "calculation on how he arrived at his figure."

A similar argument was made in *Davis v. State*, 757 S.W.2d 386, 389 (Tex. App.—Dallas 1988, no pet.). In that case, a prosecution for manslaughter, the trial court ordered the defendant to reimburse the victim's mother for funeral expenses, which she testified were $3,373.10. *Id*. The defendant complained on appeal that the testimony did not support the restitution order because there was no evidence that the expenses incurred were reasonable or necessary. *Id*. The court rejected this argument, holding that the mother's testimony was an adequate factual basis for the restitution order. *Id*.

Appellant relies on the opinion in *Cartwright*. In that case, the trial court ordered the defendant to pay the victim of an aggravated assault $36,000 in restitution. *Cartwright*, 605 S.W.2d at 288. The only evidentiary support for this order cited by the State was a presentence investigation report in which the reporting officer stated that he "cannot provide a summary concerning these

3

amounts of restitution" but indicated that the victim had received $12,000 from his medical insurer and $2,000 in worker's compensation benefits. *Id*. n.2. In other words, the $36,000 restitution order was little more than a guess. The court of criminal appeals held that there was no factual basis for concluding that this was an appropriate amount of restitution. *Id*. at 289.

In his testimony, Dempsey identified the items stolen during the burglary and said they were never recovered. Although he did not testify to the value of each item individually, he did testify that the total value of the unrecovered stolen property was $4,000. During his cross-examination, appellant's counsel did not attempt to obtain a more detailed breakdown of Dempsey's losses or challenge the accuracy of Dempsey's testimony regarding his overall loss. We hold that Dempsey's testimony was an adequate factual basis for the trial court's restitution order.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed: November 29, 2007

Do Not Publish

4