**Affirmed as Modified and Opinion Filed October 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00041-CR

### SELVIN NELSON LOPEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-0519061-J**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Bridges

Appellant Selvin Nelson Lopez pleaded guilty to theft with an aggregate value of $20,000 or more but less than $100,000. The trial court set punishment at ten years' confinement and ordered restitution in the amount of $71,767.96. In two issues, appellant argues the trial court erred by ordering restitution because the order amounts to an impermissible double recovery, and the evidence is insufficient to support the ordered amount. In a third issue, appellant argues the judgment should be reformed to reflect that there was no plea bargain agreement. As modified, the judgment of the trial court is affirmed.

### Background

Mark Wolfe, the owner and broker of record for Re/Max DFW Associate Realtors, testified appellant started working for the company as a bookkeeper on May 20, 2004. His position provided him with access to certain bank accounts and the ability to write and deposit

checks.    Specifically, appellant handled all the checks that came in from agents for office expenses and, in turn, he paid all the company's bills.

Wolfe was pleased with appellant's work, but he became suspicious in October of 2004. During that time, appellant told Wolfe his mother was very sick and appellant needed $2700 for medical bills.  Appellant admitted to taking money from the mortgage company account, but he said he repaid it.  Wolfe told appellant the company had a separate account if staff needed to borrow funds, but the mortgage company account was off limits.  Wolfe later learned appellant did not personally repay the mortgage company account, but instead had taken $2700 from the Re/Max general account and then repaid the mortgage company account.

Wolfe's outside CPA began looking into the Re/Max books, and in February 2005, she found an irregularity.  The books indicated appellant issued checks to vendors but before the check was printed, he changed the name on the check to himself.   After learning this information, Wolfe immediately called the bank and put a "search and watch" on the accounts so appellant could no longer sign on them.  Later that day, appellant discovered he was on a "search and watch" and called the bank.  An employee told appellant Wolfe had authorized the "watch." Wolfe testified appellant immediately packed up his office and disappeared.  Wolfe talked to appellant briefly the following day, and appellant said his father was sick and he needed to go to Honduras.

As part of the investigation into the stolen funds, Re/Max created a summary of amounts taken from the company.  The summary included the "thefts from general accounts," "thefts in DFW Texas Mortgage," "thefts by secret deposit of Re/Max funds into Coppell Commission Account and the writing of offsetting check to Lopez for same amount, " and "thefts by endorsed check."  The summary indicated appellant wrote checks to himself from July 6, 2004 until February 9, 2005.  The total amount taken equaled $71,767.96.

Wolfe testified that in the approximate ten years since appellant stole the money, he had not repaid any of it despite evidence showing he made $100,000 in his current job. Further, Re/Max sued appellant and won a civil judgment, but appellant had not paid on the judgment. Wolfe testified he did not expect to receive anything now.

Appellant testified and explained he pleaded guilty to the offense because he was guilty of stealing money from Re/Max. He also admitted a case was pending against him in California in which Ace Hardware alleged he embezzled over $300,000. He apologized for his actions and asked the court for probation. The court sentenced appellant to ten years' confinement and ordered restitution in the amount of $71,767.96. This appeal followed.

## Discussion

In his first two issues, appellant argues the trial court erred by ordering restitution because the order amounts to an impermissible double recovery, and the evidence is insufficient to support the ordered amount. The State responds the order is not an impermissible double recovery because Re/Max has never received any payment on the civil judgment. Further, the State argues Wolfe's testimony and the summary admitted as Exhibit 2 is sufficient to support the court's order.

We begin our analysis by determining whether appellant has preserved his issue for review. To preserve error regarding the appropriateness of a restitution order, a defendant must make a specific and timely objection. TEX. R. APP. P. 33.1(a)(1)(A); *Idowu v. State*, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002) (stating that if defendant wishes to complain about appropriateness of trial court's restitution order, he must do so in trial court or its waived); *Calder v. State*, No. 05-10-00092-CR, 2011 WL 1994220, at *7 (Tex. App.—Dallas May 24, 2011, pet. ref'd) (not designated for publication) (defendant waived article 42.037(f)(1) complaint by failing to object to trial court). There is no evidence in the record reflecting that

–3–

appellant objected to the restitution order because it resulted in an impermissible double recovery. Accordingly, appellant has not preserved his first issue for review.

However, no objection is necessary to preserve a challenge to the sufficiency of the evidence supporting a restitution order and such complaints may be raised for the first time on appeal. *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). Thus, we will address appellant's second argument in which he claims the evidence is insufficient to support the ordered amount of $71,767.96.

"Restitution is not only a form of punishment, it is also a crime victim's statutory right." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). Article 42.037 authorizes trial courts to order a defendant to pay restitution to compensate a victim, upon considering the value of any property lost and other factors the court "deems appropriate." TEX. CODE CRIM. PROC. ANN. art. 42.037(a), (b)(1)(B)(i), (c)(2) (West 2006). We review restitution orders for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). A trial court abuses its discretion if the restitution is (1) not supported by the record, (2) ordered for an offense for which the defendant is not criminally responsible, or (3) not for victims of the offense for which the defendant is charged. *Agbeze v. State*, No. 01-13-00140-CR, 2014 WL 3738048, at *8 (Tex. App.—Houston [1st Dist.] July 25, 2014, pet. ref'd) (mem. op., not designated for publication).

The State bears the burden of proving, by a preponderance of the evidence, "the amount of the loss sustained by a victim as a result of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West 2006). The court resolves any dispute relating to the proper amount or type of restitution. *Id.* The amount of restitution, however, must be just and have "a factual basis within the loss of the victim." *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Because due process concerns are implicated, this means "there must be evidence in the record to show

–4–

that the amount set by the court has a factual basis." *Cartwright*, 605 S.W.2d at 289. We review the record to determine if there was any evidence of an amount that would tend to "make good" the injured party. *Davis v. State*, 757 S.W.2d 386, 389 (Tex. App.—Dallas 1988, no pet.).

Appellant argues the evidence is insufficient to support the restitution order because Wolfe "testified generally" that appellant took $71,767. Appellant further argues Exhibit 2, the "theft summary," merely reflects Re/Max's opinions and interpretation of account activity and the State failed to substantiate any of the information within the exhibit.

Wolfe testified that "after all the investigation," the amount stolen was $71.767. The testimony of a witness with personal knowledge about the amount of damages incurred is adequate to support a restitution order. *See Bailey v. State*, No. 05-09-00959-CR, 2011 WL 1237662, at *6 (Tex. App.—Dallas Apr. 1, 2011, pet. ref'd) (mem. op., not designated for publication); *Todd v. State*, 911 S.W.2d 807, 811 (Tex. App.—El Paso 1995, no pet.). Appellant had the opportunity to cross-examine Wolfe about the accuracy of this amount but failed to do so. *See Green v. State*, 880 S.W.2d 797, 802 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (concluding witness testimony was "some evidence" supporting restitution order and defendant had opportunity to cross-examine her about the total theft loss but did not do so).

Further, the State introduced Exhibit 2 without objection. If appellant believed the document needed further substantiation, it was incumbent upon him to raise an objection to the trial court. This he failed to do. TEX. R. APP. P. 33.1.

Finally, appellant admitted his guilt. During appellant's testimony, the State asked, "And you took $70,000 from Mr. Wolfe in ten months?" and appellant answered, "Yes."

Accordingly, the State presented sufficient evidence to support the amount of restitution ordered by the trial court. We overrule appellant's second issue.

In his final issue, appellant argues the judgment should be modified to reflect that there was no plea bargain agreement in this case. The State agrees.

When the record contains the necessary information to do so, an appellate court has the authority to modify an incorrect judgment. TEX. R. APP. P. 43.2 (b). The judgment currently states, "Terms of Plea Bargain" are "10 YEARS TDJC; NO FINE." At the beginning of the plea hearing, the court acknowledged "that you, the State, and your attorney have not been able to come to a plea bargain agreement." Appellant agreed and then affirmed that he was pleading guilty to the charge and asking the court to assess punishment. Because the record indicates the State and appellant did not agree to a plea bargain, we sustain appellant's third issue, modify the judgment, and delete the words, "Terms of Plea Bargain" are "10 YEARS TDJC; NO FINE."

## Conclusion

As modified, the judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160041F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SELVIN NELSON LOPEZ, Appellant

No. 05-16-00041-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-0519061-J.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We DELETE the words "Terms of Plea Bargain: 10 YEARS TDCJ; NO FINE."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered October 6, 2016.