**Ira Davis MALOY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–133–CR.**

Court of Appeals of Texas,
Waco.

April 7, 1999.

Jose R. Villanueva, Law Office of Gibson & Associates, Groesbeck, for appellant.

Don W. Cantrell, Dist. & County Atty., Roy DeFriend, Asst. Dist. & County Atty., Groesbeck, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

The victim of an intoxication assault testified about the nature and dollar amount of the medical expenses she incurred. The penal code requires expenses for medical services to be "necessary" in order to qualify for restitution. Is only the testimony of the victim adequate to support restitution for medical services, or must the damages be supported by additional evidence such as documentary proof or other proof of reasonableness and necessity? Because we hold the testimony of the victim of the amounts of medical expenses actually incurred is adequate to support an order of restitution, we affirm the trial court's judgment.

## FACTS

On June 18, 1997, while driving to her home in Fairfield from Waco, Evelyn Talent Shaw was injured when an oncoming automobile turned suddenly into her lane resulting in a collision. Both drivers where taken to the hospital. After initial investigation, a police officer asked the driver of the turning automobile to submit to a blood test for alcohol. The driver, Ira Davis Maloy, voluntarily submitted to the blood test which revealed a blood alcohol content of 0.19 grams of alcohol per 100ml of blood. Shaw sustained serious bodily injury resulting in various complications including several broken ribs, a broken collar bone, a broken heel, and disfigurement of the hand and the scalp.

## THE TRIAL

On April 1, 1998, a jury found Ira Davis Maloy guilty of the offense of intoxication assault. TEX. PEN.CODE ANN. art. 49.07 (Vernon 1996). Maloy elected to have punishment assessed by the court rather than by a jury. On April 20, 1998, after hearing testimony, the court assessed punishment of ten years in the Texas Department of Criminal Justice, Institution Division. The court suspended the sentence and placed Maloy on community supervi-

sion for ten years. The suspension was made contingent upon compliance with certain conditions including completion of the Substance Abuse Felony Program and after-care at a half-way house (S.A.F.P.). The court also ordered payment of $15,-264.00 in restitution to the victim and the victim's insurer.

## THE APPEAL

Maloy appeals on one issue: she asserts that the court committed error by admitting undocumented evidence of the amount of damages incurred by the victim and the victim's insurer, then assessing those amounts as restitution against her without a determination by the court that the medical costs were "necessary." Maloy contends that the amounts ordered for restitution were therefor unjust and resulted in a denial of her due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Texas Constitution Art. 1, § 19.

## RESTITUTION

■ The Texas Code of Criminal Procedure authorizes the sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX.CODE CRIM. PROC. ANN. art. 42.037(a) (Vernon Supp.1999). Restitution can be ordered only for injury resulting from the offense charged and can be made only to the victim, except where justice dictates payment be made to a person or party who has compensated the victim for the loss. *Gonzalez v. State*, 954 S.W.2d 98, 106 (Tex.App.—San Antonio 1997, no pet.). While the sentencing court is authorized to order restitution, due process requires a factual basis in the record for the amount of restitution ordered. *Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim.App.1994). In other words, there must be sufficient evidence in the record to support the order. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App.1980). The Court of Criminal Appeals has explained that the amount of restitution is required to be "just," that is, supported by sufficient factual evidence in the record

that the expense was incurred. *Thompson v. State*, 557 S.W.2d 521, 525–26 (Tex. Crim.App.1977).

## STANDARD OF REVIEW

■ When we are asked to review a restitution order, we review the trial court's action for an abuse of discretion. Restitution ordered by the court will not be overturned on appeal absent an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex.Crim.App.1980); *Wooley v. State*, 629 S.W.2d 867, 870 (Tex. App.—Austin 1982, pet. ref'd).

■ The test for abuse of discretion is not whether the facts present an appropriate case for the trial court's action but whether the act was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990). Thus, we review the record to determine if there was sufficient factual evidence of an amount which the court could find "just." *Cartwright*, 605 S.W.2d at 289. The amount of expense incurred by a victim need not be supported by proof that it was reasonable. *Davis v. State*, 757 S.W.2d 386, 389 (Tex.App.—Dallas 1988, no pet.). The fact that a party willingly incurs an amount is sufficient evidence that the amount is "just." *Id.* at 389.

## THE EVIDENCE

During the penalty phase of the trial, Shaw testified with specific detail to the medical expenses she incurred from physical injuries as a result of Maloy's intoxication assault. Shaw's testimony details the expenses she incurred for her trips in ambulances, doctor visits, procedures, and equipment necessary for recovery and rehabilitation.

Maloy objected to this testimony claiming that the amounts were not shown to be reasonable and necessary. Without ruling, the court said that it would hear the testimony and determine the admissibility at a later time. Further into Shaw's testimony, Maloy made the same objection. The

court then overruled both objections and stated that the admissibility for restitution purposes would be determined later.

THE ORDER

The court ordered Maloy to pay $15,264.00 in restitution: $7333.00 to Shaw and $7931.00 to Shaw's insurance company. The court did not make an express finding as to the sufficiency of the facts to support these amounts or that the testimony of Shaw had been admitted for all purposes.

"JUST" AMOUNTS SUPPORTED BY THE RECORD

An amount may be deemed "just" without a court specifically determining that the expense is reasonable and necessary. *Davis* at 389. One court has found that testimony alone about the amount of funeral expenses paid by the victim's mother would factually support a restitution order. *Todd v. State*, 911 S.W.2d 807, 816 (Tex.App.—El Paso 1995, no pet.).

Significantly, Article 42.037(k) provides that any dispute relating to the proper amount or type of restitution shall be resolved by the court. Tex.Code Crim. Proc. Ann. § 42.037(k) (Vernon Supp.1999). The trial judge heard the detailed testimony of Shaw's expenses. Shaw's testimony shows that she willingly incurred the expenses because the expenses were required for her rehabilitation as a result of Maloy's actions. The trial judge overruled Maloy's objection that the amounts were not shown to be reasonable and necessary and properly considered the amounts testified to by Shaw in making a restitution order. Maloy has only challenged the adequacy of the evidence to support medical expenses. The total amount of restitution ordered was not controverted by Maloy. The court, in its discretion, impliedly found Shaw's expenses to be "just" based upon the testimony of Shaw. No abuse of discretion by the trial court is shown.

This case is distinguishable from *Thompson v. State* cited by appellant. *Thompson v. State*, 557 S.W.2d 521 (Tex. Crim.App.1977). In *Thompson*, the appellant asserted that there was no evidence of the economic damage suffered by the victim. The defendant hit the victim then failed to stop and render aid. There was no testimony of specific medical expenses incurred as a result of the hit and run. The Court of Criminal Appeals found that evidence of the condition of the victim at the scene, and in the emergency room, even coupled with the judge viewing the victim in the court room was not sufficient to support a restitution order of $12,000. *Thompson*, 557 S.W.2d at 525–26. *Thompson* does not control this case because Shaw testified regarding the specific expense amounts incurred as a result of Maloy's intoxication assault.

Maloy further urges us to disregard the testimony of Shaw because the testimony is alleged to be hearsay. In furtherance of this point, Maloy directs us to *Cartwright*, where the Court of Criminal Appeals held a restitution award invalid because the award was based upon hearsay. *Cartwright*, 605 S.W.2d at 289. In this case, there was no hearsay objection made at the time of the testimony. Maloy's objections were that the medical expenses were not shown to be reasonable and necessary. Nowhere in the record does Maloy object that the testimony was hearsay. Any error that the testimony was hearsay was waived. Tex.R.App. P. 33.1(a). Further, Shaw testified about the amounts of medical expenses she actually incurred. Testimony of these amounts about which she had direct knowledge is not hearsay.

Further, *Cartwright* is distinguishable from this case for another reason. In *Cartwright*, there was no record of the proceedings below and a pre-sentencing investigation report was the entire record for review. The Court of Criminal Appeals noted that the report mentioned the fact that the victim had suffered financial losses but did not support the amount awarded. The court noted that the report was hearsay. *Id.* at 289. Cartwright, was

decided before the majority rule was embraced by Texas Rule of Evidence 802 which treats hearsay admitted without objection the same as all other evidence in that it is capable of sustaining a verdict. Tex.R. Evid. 802. *See Chambers v. State,* 711 S.W.2d 240, 247 (Tex.Crim.App.1986). Thus, even if Shaw's testimony is hearsay, it would still support the trial court's order of restitution.

## PAYMENT TO INSURANCE COMPANY

 Finally, Maloy asserts that her objection that the amounts were not reasonable and necessary served to give notice to the court that Maloy disputed the insurer's subrogation claim. We do not agree. Maloy's issue as presented to this court addressed only the proof necessary to support restitution for medical expenses. In our sound discretion, however, we will address this issue. *Rochelle v. State,* 791 S.W.2d 121, 124 (Tex.Crim.App. 1990).

It is a well established rule that an objection preserves only the specific ground or grounds named. *Bouchillon v. State,* 540 S.W.2d 319, 322 (Tex.Crim.App. 1976). An exception to this general rule is if the correct ground of exclusion was obvious to the judge and to opposing counsel, then no waiver results from general or imprecise objections. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App.1977), relying upon 1 McCormick & Ray, Evidence, Sec. 25, p. 25 (2d ed.1956). In the case at bar, the judge considered and overruled Malloy's objections. Both objections at trial were that the amounts testified to had not been shown to be reasonable and necessary. Nowhere in this record do we find the slightest suggestion by Maloy that the losses incurred by Shaw and paid by the insurance company were in dispute. The objection did not point to, nor did it generally indicate, that Maloy challenged Shaw's testimony on the basis that some of the expenses were paid by Shaw's insurance company.

If Maloy was objecting that the court should not order restitution for amounts paid by the insurance company, we find that the objection is defective because this objection would not have been obvious to the trial judge or opposing counsel. Therefore, Maloy did not preserve any error for review and we cannot consider new grounds on appeal. However as stated above, the sentencing court is authorized to order payment to a third party who has paid the victim for the expense incurred. Tex.Code Crim. Proc. Ann. art. 42.037 (Vernon Supp.1999); *Gonzalez,* 954 S.W.2d at 106.

The trial court properly overruled the objections that the amounts were not shown to be reasonable and necessary and considered the testimony of Shaw. The trial court impliedly found the testimony admissible and sufficient to support a restitution order. We do not find that the trial court abused its discretion.

We affirm the court's judgment.