Rodney NARVAEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–00–00337–CR.

Court of Appeals of Texas, San Antonio.

March 21, 2001.

Kevin L. Collins, Law Offices of Kevin L. Collins, J.D., San Antonio, for Appellant.

Michael P. Miklas, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Rodney Narvaez was convicted of intoxication assault and sentenced to community supervision for ten years. Condition 11(I) of the terms of community supervision required Narvaez to pay restitution to Wilford Hall Medical Center in the amount of $27,476.87. Narvaez appeals, contending the trial court erred in ordering him to pay restitution to someone other than his victim, John Moulin, and in failing to reduce the restitution ordered by the $20,000 paid by his insurance company to Moulin. We disagree and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 1998, at 2:42 a.m., an intoxicated Narvaez hit a disabled vehicle that was being pushed by several pedestrians to the shoulder of eastbound Highway 90. The impact knocked the pedestrians to the ground and their disabled vehicle came to rest on top of one of them, John Moulin. After EMS was able to free Moulin, he was rushed Code 3 to Wilford Hall Medical Center in critical condition. He had sustained a concussion, a hairline spinal fracture, and a broken ankle, shoulder, and ribs. The injuries to Moulin's left ankle necessitated extensive surgery. The mandatory blood specimen taken from Narvaez soon after the accident established he was driving with a blood alcohol content of .22.

### STANDARD OF REVIEW

■ We review the trial court's restitution order under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex.Crim.App.1980). An abuse of discretion occurs when the trial court "acts in an arbitrary or unreasonable manner." *Lemos v. State*, 27 S.W.3d 42, 45 (Tex.App.—San Antonio 2000, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990)).

### DISCUSSION

When an offense "results in bodily injury to a victim, the court may order the defendant to" "pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care." TEX.CODE CRIM.PROC.ANN. art. 42.037(b)(2)(A) (Vernon Supp.2000). Although "[t]he court may not order restitution for a loss for which the victim has received or will receive compensation," it "may, in the interest of justice, order restitution to any person who has compensated the victim for the loss to the extent the person paid compensation." *Id.* art. 42.037(f)(1).

■ Here, it is undisputed that, at the time of sentencing, Wilford Hall had a lien in the amount of $27,476.87 against Moulin. It is also undisputed that this lien arose as a result of Moulin's post-assault treatment at Wilford Hall, and the lien was not reduced by the $20,000 received by Moulin from Narvaez's insurance company. On the other hand, there is no evidence the $20,000 payment was intended as full compensation for Moulin's injuries or as compensation for his medical bills. Under these circumstances, we hold the trial court did not abuse its discretion in ordering Narvaez to pay restitution to Wilford Hall in the amount of $27,476.87, representing the amount due for Moulin's medical services and, in effect, advanced by Wilford Hall and the federal government to Moulin. *See id.* We therefore affirm the trial court's judgment.