IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-01-00343-CR

 

Rick Drilling,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 155th District Court

Austin County, Texas

Trial Court # 2001R-0046

 



Opinion



 

          Rick
Drilling was convicted of arson, placed on community supervision, and ordered
to pay restitution as a condition of his community supervision.  Drilling challenges his conviction and the
restitution order.  In an earlier order,
we held that the trial court abused its discretion in determining the amount of
restitution because it was not supported by an adequate factual basis in the
record.  See Drilling v. State, 134 S.W.3d 468 (Tex. App.—Waco 2004, no pet.).  Accordingly, we abated the appeal, set aside
the restitution order, and remanded the cause for a new restitution
hearing.  Id. 
Thereafter, the trial court held a new hearing, and made findings of
fact and conclusions of law reflecting a new restitution amount.  Drilling filed a supplemental brief arguing
that the evidence still does not provide an adequate factual basis to support
the amount of restitution ordered.  We
affirm.

The
Evidence is Legally Sufficient to Support the Jury’s Verdict

          Drilling complains in his first issue that the evidence is
insufficient to support the jury’s verdict that he started a fire with the
intent to destroy or damage the home of his former wife, Lori Pfeffer.  Drilling does not specify whether he is
complaining of legal or factual insufficiency. 
In such situations, we look to the cases cited to determine which standards
to apply.  Brown v. State, 35 S.W.3d 183, 192 (Tex. App.—Waco 2000), rev’d in part on other grounds, 89
S.W.3d 630 (Tex. Crim. App. 2002). 
Because Drilling cites legal insufficiency cases in his brief, we review
using a legal insufficiency standard.

          In a legal insufficiency review, we view all of the
evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential element beyond a
reasonable doubt.  Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 3d
560 (1979)).  We resolve any
inconsistencies in the evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

          The
State was required to prove that Drilling started the fire with the intent to
destroy or damage Pfeffer’s house.  Wheeler v. State, 35 S.W.3d 126, 134
(Tex. App.—Texarkana 2000, pet. ref’d) (citing Massey v. State, 154 Tex. Crim. 263, 226 S.W.2d 856, 859 (Tex. Crim. App.
1950) (“An essential element of the crime of arson is the intentional burning
of property.”).

          In a confession given to the police, Drilling stated that
he poured gasoline throughout the house, set the gasoline on fire with a
lighter, and left.  He repeated this in
his trial testimony.  Viewing all the
evidence in a light most favorable to the verdict, a rational juror could have
found beyond a reasonable doubt that Drilling started the fire with the intent
to destroy or damage the house.  Lacour,
8 S.W.3d at 671.  Accordingly, we
overrule Drilling’s first issue.

The Record
Contains a Sufficient Factual Basis to Support the Restitution Order

 

          Drilling argues in his second issue that the record does
not contain a sufficient factual basis to support the new restitution amount.  Drilling objected generally to the trial
court’s findings of fact and conclusions of law, but made no objection to the
new restitution amount.  Nonetheless,
Drilling has preserved his sufficiency question for review.  Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (Appellant “will have the right to have
the question of the sufficiency of evidence . . . considered on its merits
whether or not he objected.”). 
Ironically, while Moff helps preserve Drilling’s sufficiency
issue for review, it eliminates the gravamen of Drilling’s complaint.

          Essentially Drilling argues that the restitution order
lacks a factual basis because the evidence supporting it is not based on fair
market value or reasonable cost of repair. 
This argument can be separated into two different, yet overlapping
issues: (1) the admissibility of the State’s evidence regarding the amount of
restitution; and (2) the lack of a sufficient factual basis for the restitution
order.  One is an evidentiary question,
the other a sufficiency question.  Id. (“Sometimes a claim of trial court
evidentiary error and a claim of insufficient evidence overlap so much that it
is hard to separate them”).  The former
(1) requires a specific objection at trial at the time the evidence is
offered.  Tex. R. Evid. 103(a)(1); Moff,
131 S.W.3d at 489.  The latter (2) is
preserved without objection.  Moff, 131 S.W.3d at 489.

         In Moff,
the appellant argued that the evidence was insufficient to prove the value of
the items that he stole because the officer that testified concerning the value
was neither the owner of the items, nor an expert.  Moff,
131 S.W.3d at 490.  The Court reasoned
that this issue was really a combination of a sufficiency question (the State
failed to prove the element of value) and an evidentiary question (the State’s
evidence of value was not admissible).  Id.  The evidentiary question was not preserved,
but the sufficiency question remained for review.  Id.

          Though
restitution is not an element of the offense like the issue in Moff, Drilling’s situation is
analogous.  While Drilling repeatedly
informed the trial court of the statutory requirements for restitution, he did
not specifically object to the admissibility of the State’s evidence.  Therefore, Drilling has waived his
evidentiary complaint.  Id.  Accordingly, we review the factual basis of
the restitution order considering all the evidence, including that which
perhaps should have been excluded, in our analysis.  See
Moff, 131 S.W.3d at 489-90.

          Challenges to restitution orders are reviewed under an
abuse-of-discretion standard.   Cartwright
v. State, 605 S.W.2d 287, 288‑89 (Tex. Crim. App. 1980).  An abuse of discretion occurs when a trial
court’s decision is so clearly wrong that it lies outside the “zone of
reasonable disagreement.”  Gonzalez v.
State, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003).  

          Though a trial court is given broad discretion in ordering
restitution, due process requires three restrictions on the restitution:  (1) the amount must be just and supported by
a factual basis within the record; (2) the restitution ordered must be only for
the offense for which the defendant is criminally responsible; and (3) the
restitution ordered must be proper only for the victim or victims of the offense
with which the offender is charged.  Cantrell
v. State, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref’d); see
Cabla v. State, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999).

          Drilling argues that the amount of restitution was not
supported by a factual basis in the record. 
The trial court based the restitution amount on an inventory list
prepared by Pfeffer, and an insurance agent’s testimony.  The trial court found that Drilling should
pay $35,000.00 in restitution to Pfeffer and $70,000.00 to her insurance
company.

The Inventory List

          Pfeffer prepared an inventory list immediately after the
fire.  Previously, the list of items
included undamaged items and items of Drilling’s personal property.  See
Drilling, 134 S.W.3d at 470.  We
abated the appeal, and ordered the trial court to conduct a new restitution
hearing so these problems could be resolved. 
Id. at 471.  At the new hearing, the suspect items were
excluded and new calculations were made. 
However, Pfeffer, consistent with her previous testimony, testified that
the list was not that of destroyed property alone, but of the entire contents
of the house, and that the list was never meant to demonstrate loss.  Pfeffer could not identify which items on the
list were undamaged by the fire, because after the fire she left the area for
three months, and when she returned everything was either ruined by water, or
stolen.  Despite these inconsistencies,
Pfeffer’s testimony was accepted by the trial court, and Drilling did not
specifically object to the admissibility of this evidence.  Therefore, we must include these items in our
analysis.

          Despite our remand, no direct
testimony of fair market value was elicited. 
Restitution must be ordered for the value of the property on the date of
destruction, and not the purchase price. 
See Tex. Code Crim. Proc. Ann. art. 42.037(b)(i) (Vernon 2003); Drilling, 134 S.W.3d at 470.  Drilling testified that some of the items on
the list were not purchased, but were a gift. 
Also he stated that the value Pfeffer listed for some items was either a
highly inflated purchase price or the original purchase price.  However, an owner may testify either
in terms of purchase price or replacement cost, and is presumed to be
testifying to an estimation of fair market value.  See Sullivan
v. State, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986).  Drilling
and Pfeffer presented two different accounts concerning the value of the items
in the list, and the trial court chose to believe Pfeffer.  While we might have arrived at a different conclusion,
we cannot say that the trial court’s decision was outside the “zone of
reasonable disagreement.”  Gonzalez,
117 S.W.3d at 839.

The Testimony of the
Insurance Agent

          Drilling also argues that the court abused its discretion
by awarding restitution to the insurance company because the insurance agent’s
testimony does not provide a sufficient factual basis, and because the
restitution is to be paid to someone other than the victim.

          While there was no specific testimony of the fair market
value of Pfeffer’s house, the insurance agent testified that the company paid
Pfeffer an amount suggested by the company’s claims adjustor and investigatory
team.  References to the amount an
insurance company has paid is sufficient to prove value.  Jimenez
v. State, 67 S.W.3d 493, 506 (Tex. App.—Corpus Christi 2002, pet. ref’d)
(holding insurance payment to victim sufficient to prove value despite no
evidence of fair market value).  Furthermore,
in the interest of justice,
restitution may be made to a person who has compensated the victim for the loss
to the extent that person has paid compensation.  Maloy
v. State, 990 S.W.2d 442, 444 (Tex. App.—Waco 1999, no pet.).  This includes insurance companies that
compensate victims.  See Flores v. State, 513 S.W.2d 66, 69-70 (Tex. Crim. App. 1974); Narvaez
v. State, 40 S.W.3d 729, 730
(Tex. App.—San Antonio 2001, pet. dism’d) (trial court did not abuse its
discretion by ordering appellant to pay restitution to a hospital for the
victim’s medical bills); Maloy,
990 S.W.2d at 444.  Finding no abuse of
discretion, we overrule Drilling’s second issue.

Conclusion

          Having
overruled all of Drilling’s issues, we affirm the judgment of the trial court.

 

 

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice
Vance, and 

          Justice
Reyna

          (Chief
Justice Gray concurring and dissenting)

Affirmed

Opinion delivered and filed February 23, 2005

Do not publish

[CR25]