COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-417-CR
 
  
ROBERT 
DARRYL BURRIS                                                       APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        An 
information charged Appellant with the Class A misdemeanor offense of assault 
with bodily injury. See Tex. Penal 
Code Ann. § 22.01(a)(1) (Vernon Supp. 2004-05). The jury found him 
guilty of assaulting the complainant, Steven Miller, and assessed a $500 fine 
and confinement of 180 days, with a recommendation that Appellant’s 
confinement be suspended and he be placed on community supervision. The trial 
court’s judgment sentences Appellant to 180 days’ confinement, probated for 
24 months; as a term and condition of the community supervision, Appellant was 
ordered to serve 20 days in the county jail. The judgment also assesses a $500 
fine, and orders Appellant to pay restitution in the amount of $2,011.52 for the 
complainant’s medical expenses. After careful review of each of Appellant’s 
issues, we will affirm.
        Appellant 
contends the trial court’s judgment was in violation of the double jeopardy 
clause of the Fifth Amendment of the United States Constitution. See U.S. Const. amend. V. Appellant first 
asks whether the trial court may override the jury’s verdict to suspend 
Appellant’s 180-day sentence and replace it with a judgment that instead 
orders Appellant to serve an additional sentence of 20 days’ confinement as a 
condition of granting him community supervision. We conclude that the trial 
court did not err. By entering judgment, the trial court acted in accordance 
with the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. arts. 42.12, 
§ 12, 42.037 (Vernon Supp. 2004-05).
        The 
matter of punishment was tried to a jury that assessed punishment at a $500 fine 
plus confinement in jail for 180 days, with a recommendation that the trial 
court probate the jail time and place Appellant on community supervision. The 
same day, the court ordered Appellant to begin community supervision upon the 
condition that he pay restitution of the complainant’s medical bills and serve 
a total of 20 days’ confinement on Saturdays and Sundays.
        Appellant 
argues that the trial court violated his constitutional protection against being 
assessed multiple punishments for the same offense, citing U.S. Const. amend. V, North Carolina 
v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969), and Ex parte 
Lange, 85 U.S. 163, 1873 WL 15958 (1874). Appellant points out that the 
Fifth Amendment that protects against double jeopardy grants a defendant 
“entire and complete protection of the party when a second punishment is 
proposed in the same court, on the same facts, for the same statutory 
offense.” Lange, 85 U.S. at 168. However, Lange was a case in 
which a trial court erroneously imposed both imprisonment and a fine, despite 
being authorized by a statute to impose only one or the other. Id. at 
174. Double jeopardy is not present in the instant case because the code of 
criminal procedure authorizes the trial court to sentence Appellant as it did. See 
Tex. Code Crim. Proc. Ann. arts. 
42.12, § 12, 42.037. See also United States v. DiFrancesco, 449 
U.S. 117, 138-39, 101 S. Ct. 426, 438-39 (1980) (holding double jeopardy clause 
of U.S. Constitution is not violated by a federal criminal statute that is clear 
and specific and authorizes punishment by both fine and imprisonment).
        Additionally, 
Appellant admits that he did not raise any objection at trial on the issue of 
double jeopardy. Appellant was obligated to raise that objection in order to 
preserve the issue for our consideration. Gonzalez v. State, 8 S.W.3d 
640, 642 (Tex. Crim. App. 2000). Because an award of community supervision is a 
contractual privilege, not a right, conditions imposed by the trial court and 
not objected to are forfeited on appeal. Speth v. State, 6 S.W.3d 530, 
534-35 (Tex. Crim. App. 1999). Appellant did not object to the trial court’s 
order of jail confinement as a condition of his community supervision. We 
overrule Appellant’s first issue.
        Appellant’s 
second issue asks us to determine whether the trial court’s judgment ordering 
Appellant to pay the complainant’s alleged medical expenses with no factual or 
evidentiary basis in the record violated Appellant’s federal constitutional 
right to due process.
        During 
trial, the State called the complainant, Steven Miller, who testified that he 
had received a bill from Denton Regional Hospital that “exactly is 
$2,011.52.” On cross-examination, Miller testified that because he was not a 
physician, he could not say the procedures or services he received were both 
reasonable and necessary. We review restitution orders under an abuse of 
discretion standard. Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. 
App. [Panel Op.] 1980). Abuse that violates a defendant’s right to due process 
occurs when it fails to conform to three limitations on restitution that the 
court of criminal appeals recognizes. Campbell v. State, 5 S.W.3d 693, 
696-97 (Tex. Crim. App. 1999). First, the amount of restitution must be just and 
be supported factually. Id. at 696. Second, the restitution must be for 
the offense for which the defendant is criminally liable. Id. at 697. 
Third, the restitution must be proper only for the victim of the offense. Id.
        In 
this case, testimony from a witness like Miller, a victim of the crime with 
personal knowledge of the amount of medical expenses incurred, is adequate to 
support a restitution order. See Maloy v. State, 990 S.W.2d 442, 444-45 
(Tex. App.—Waco 1999, no pet.); Urias v. State, 987 S.W.2d 613, 614-15 
(Tex. App.—Austin 1999, no pet.). Because of Miller’s testimony, the trial 
court did not abuse its discretion nor deny Appellant due process. We overrule 
Appellant’s second issue.
        The 
third issue Appellant asserts is that the restitution order of the trial court 
violated Appellant’s right to due course of law under the state constitution. See 
Tex. Const. art. I, § 19. The 
court of criminal appeals has held that due process is satisfied when a 
restitution order is just and supported factually, as it is in this case. See 
Campbell, 5 S.W.3d at 696-97. We overrule Appellant’s third issue.
        Appellant’s 
fourth issue is that the trial court’s restitution order is a violation of 
article 42.037 of the code of criminal procedure. However, Appellant 
acknowledges that his objection in the trial court “was not specifically based 
on the Trial Court’s non-compliance with statutory law.” His closest 
objection told the trial court only that he objected to any amount of 
restitution based on due process concerns. Appellant has waived his fourth 
issue. See Tex. R. App. P. 
33.1(a)(1)(A); Maloy, 990 S.W.2d at 446. We overrule Appellant’s fourth 
issue.
        Having 
carefully considered each of Appellant’s issues and having overruled them all, 
we affirm the trial court’s judgment.
  
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
  
PANEL 
B: HOLMAN, GARDNER, and McCOY, JJ.
 
PUBLISH
 
DELIVERED: 
August 4, 2005