IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00072-CR

 

Kevin Miller,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 77th District
Court

Freestone County, Texas

Trial Court No. 07-159-CR

 



MEMORANDUM  Opinion










 

            Kevin Miller was convicted
of the offense of assault.  Tex. Penal
Code Ann. §22.01(a)(1) (West Pamp. 2010).  He was sentenced to 12 months
in jail.  The sentence was suspended, and Miller was placed on community
supervision for two years.  Because the trial court did not abuse its discretion
in ordering the amount of restitution, the trial court’s judgment is affirmed.




Background

            Although the stories of the
players in this offense vary, the general account is that Miller found his
estranged wife, Tonya, with another man at Tonya’s house.  Miller initially
grabbed Tonya by the back of her hair and threw her against the wall and on the
ground.  After Tonya tried to escape, Miller tore the telephone out of the wall
and struck Tonya in the head with it.  He also threw a bottle of wine at her and
hit her.  He held a knife to her throat.  He then slapped her with his hand and
struck her under the chin with his fist.  He also knocked Tonya’s head into a
counter, threw a wicker and wrought iron laundry basket on her, and kicked
her.  The trial court ordered restitution for Tonya’s injuries in the amount of
$11,856.05.  

Restitution

In his sole issue, Miller complains
about the amount of restitution the trial court ordered.  The Texas Code of
Criminal Procedure authorizes the sentencing court to order payment of
restitution to the victim for losses sustained as a result of the convicted
offense.  Tex. Code Crim. Proc. Ann.
art. 42.037(a) (West Supp. 2010).  When calculating restitution in an offense
that results in personal injury, the court may order the defendant to make
restitution to:

(A) the victim for any expenses incurred
by the victim as a result of the offense;   

 

Tex. Code Crim.
Proc. Ann. art.
42.037(b)(2)(A) (West Supp. 2010).

While the sentencing court is authorized
to order restitution, due process requires three restrictions on the
restitution a trial court may order: (1) the amount must be just and supported
by a factual basis within the record, (2) the restitution ordered must be only
for the offense for which the defendant is criminally responsible, and (3) the
restitution ordered must be proper only for the victim or victims of the
offense with which the offender is charged.  Cantrell v. State, 75
S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd); see Cabla v.
State, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999).

When we are asked to review a
restitution order, we review the trial court's action for an abuse of
discretion.  Cartwright v. State, 605 S.W.2d 287, 288-89 (Tex. Crim.
App. 1980); Maloy v. State, 990 S.W.2d 442, 444 (Tex. App.—Waco 1999, no
pet.).  An abuse of discretion occurs when a trial court's decision is so
clearly wrong that it lies outside the "zone of reasonable
disagreement."  Gonzalez v. State, 117 S.W.3d 831, 839 (Tex. Crim.
App. 2003).

At the punishment hearing, Tonya
testified that her medical bills alone from the assault totaled almost
$12,000.  She stated that that amount did not include visits to the eye doctor,
glasses, or counseling for her and her children.  Tonya also stated that she
received the medical bills from the hospital, the ultrasound the hospital
performed, the doctors, the pharmacy, and dental.  When asked for a specific
dollar amount, Tonya testified that the bills totaled $11,856.05.  

Miller argues that the trial court erred
in including any dental expenses in the restitution order because his expert
testified at guilt/innocence that Tonya had loose teeth caused by periodontal
disease and that her chipped teeth were caused by tooth decay.  However, Tonya
testified that Miller, at one point during his beating of her, slapped her with
his hand and hit her under the chin with his fist.  Tonya stated that she then
spit out pieces of teeth. 

Conflicts in testimony are resolved by
the factfinder.  See Chambers v. State, 805 S.W.2d 459, 461 (Tex.
Crim. App. 1991) (A factfinder is entitled to judge the credibility of
witnesses, and can choose to believe all, some, or none of the testimony
presented by the parties.).  The trial court resolved this apparent conflict
against Miller.  Accordingly, the trial court’s decision in including dental
expenses in the amount of restitution ordered is not so clearly wrong that it
lies outside the "zone of reasonable disagreement” as to be an abuse of
discretion.

Conclusion

Miller’s sole issue is overruled, and
the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed


Opinion
delivered and filed February 23, 2011

Do
not publish 

[CR25]