

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00072-CR

**KEVIN MILLER,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 77th District Court
Freestone County, Texas
Trial Court No. 07-159-CR

## MEMORANDUM OPINION

Kevin Miller was convicted of the offense of assault. TEX. PENAL CODE ANN. §22.01(a)(1) (West Pamp. 2010). He was sentenced to 12 months in jail. The sentence was suspended, and Miller was placed on community supervision for two years. Because the trial court did not abuse its discretion in ordering the amount of restitution, the trial court's judgment is affirmed.

## BACKGROUND

Although the stories of the players in this offense vary, the general account is that Miller found his estranged wife, Tonya, with another man at Tonya's house. Miller initially grabbed Tonya by the back of her hair and threw her against the wall and on the ground. After Tonya tried to escape, Miller tore the telephone out of the wall and struck Tonya in the head with it. He also threw a bottle of wine at her and hit her. He held a knife to her throat. He then slapped her with his hand and struck her under the chin with his fist. He also knocked Tonya's head into a counter, threw a wicker and wrought iron laundry basket on her, and kicked her. The trial court ordered restitution for Tonya's injuries in the amount of $11,856.05.

## RESTITUTION

In his sole issue, Miller complains about the amount of restitution the trial court ordered. The Texas Code of Criminal Procedure authorizes the sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2010). When calculating restitution in an offense that results in personal injury, the court may order the defendant to make restitution to:

> (A) the victim for any expenses incurred by the victim as a result of the offense;

TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(2)(A) (West Supp. 2010).

While the sentencing court is authorized to order restitution, due process requires three restrictions on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered

must be only for the offense for which the defendant is criminally responsible, and (3) the restitution ordered must be proper only for the victim or victims of the offense with which the offender is charged. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd); *see Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999).

When we are asked to review a restitution order, we review the trial court's action for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 288-89 (Tex. Crim. App. 1980); *Maloy v. State*, 990 S.W.2d 442, 444 (Tex. App.—Waco 1999, no pet.). An abuse of discretion occurs when a trial court's decision is so clearly wrong that it lies outside the "zone of reasonable disagreement." *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003).

At the punishment hearing, Tonya testified that her medical bills alone from the assault totaled almost $12,000. She stated that that amount did not include visits to the eye doctor, glasses, or counseling for her and her children. Tonya also stated that she received the medical bills from the hospital, the ultrasound the hospital performed, the doctors, the pharmacy, and dental. When asked for a specific dollar amount, Tonya testified that the bills totaled $11,856.05.

Miller argues that the trial court erred in including any dental expenses in the restitution order because his expert testified at guilt/innocence that Tonya had loose teeth caused by periodontal disease and that her chipped teeth were caused by tooth decay. However, Tonya testified that Miller, at one point during his beating of her, slapped her with his hand and hit her under the chin with his fist. Tonya stated that she then spit out pieces of teeth.

Conflicts in testimony are resolved by the factfinder.  *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (A factfinder is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties.).  The trial court resolved this apparent conflict against Miller.  Accordingly, the trial court's decision in including dental expenses in the amount of restitution ordered is not so clearly wrong that it lies outside the "zone of reasonable disagreement" as to be an abuse of discretion.

## Conclusion

Miller's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 23, 2011
Do not publish
[CR25]