# NOS. 12-15-00145-CR
# 12-15-00146-CR
# 12-15-00147-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRITTANY MICHELLE BARRETT,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brittany Michelle Barrett appeals her three convictions for aggravated assault with a deadly weapon. The trial court sentenced her to fifteen years of imprisonment in each case, the sentences to run concurrently. In cause numbers 12-15-00145-CR and 12-15-00147-CR, Appellant complains of the trial court's assessment of restitution. In cause number 12-15-00146-CR, Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief in cause number 12-15-00146-CR. We affirm.

## BACKGROUND

Appellant was indicted for aggravated assault with a deadly weapon in three cases, and she pleaded guilty to each of them. The trial court placed her on deferred adjudication community supervision for ten years in each case. The State later moved to proceed to final adjudication in all three cases. At the hearing on the motion, Appellant pleaded true to the allegations in the motion. The court granted the State's motion and adjudicated Appellant guilty

in each case. The court sentenced her to imprisonment for fifteen years in each case, the sentences to run concurrently. In cause number 12-15-00145-CR, the court ordered Appellant to pay $561.33 to East Texas Medical Center-Emergency Medical Services and $671.33 to East Texas Medical Center Hospital, "C/O SMITH COUNTY DISTRICT CLERK'S OFFICE," as restitution. In cause number 12-15-00147-CR, the court ordered Appellant to pay $67,106.00 to Mother Frances Hospital, "C/O SMITH COUNTY DISTRICT CLERK'S OFFICE," as restitution.

## 12-15-00145-CR AND 12-15-00147-CR

In her sole issue in cause numbers 12-15-00145-CR and 12-15-00147-CR, Appellant asserts that the evidence is legally insufficient to support the trial court's assessment of restitution.

## Applicable Law and Analysis

We review challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 288-89 (Tex. Crim. App. 1980). The court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). There must be evidence in the record to show that the amount of restitution set by the court is supported by a factual basis. *Cartwright*, 605 S.W.2d at 289.

The victims were individuals Appellant hit with the vehicle she was driving. They each required medical care and were taken to local hospitals. The record includes a postsentence investigation report supported by documentation reflecting the amounts owed to the respective hospitals where two of the victims were taken, as well as the bill for the ambulance for one of the victims. The record contains statements of charges and affidavits attesting to the losses incurred as a result of the offenses.

The evidence shows charges of $713.96 for East Texas Medical Center-Emergency Medical Services and $853.75 for East Texas Medical Center for the victim in trial court cause number 114-0873-12, appellate cause number 12-15-00145-CR. Additionally, the evidence shows charges of $68,662.15 for Trinity Mother Frances Hospital for the victim in trial court cause number 114-0875-12, appellate cause number 12-15-00147-CR. Accordingly, the record supports the amounts of restitution set by the trial court. *See Jones v. State*, 713 S.W.2d 796,

797 (Tex. App.–Tyler 1986, no pet.). Therefore, the trial court did not abuse its discretion in ordering Appellant to pay restitution in the amounts stated in the judgments.

Although unclear, Appellant appears to complain that the trial court ordered the restitution amounts to be paid to the entities that provided medical care and transportation to the victims rather than directly to the victims. This complaint is waived for failure to raise it in the trial court. *See Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002). We note, however, that there is some authority for upholding such an order. The code of criminal procedure authorizes the trial court to, "in the interest of justice, order restitution to any person who has compensated the victim for the loss to the extent the person paid compensation." TEX. CODE CRIM. PROC. ANN. art. 42.037(f)(1) (West Supp. 2015). The San Antonio court of appeals, in addressing a complaint that the trial court ordered a defendant to pay restitution to the medical center that treated the victim, determined that the medical center had "in effect" advanced the funds for the victim's care. The court held that the trial court did not abuse its discretion. *Narvaez v. State*, 40 S.W.3d 729, 730 (Tex. App.–San Antonio 2001, pet. dism'd). We overrule Appellant's sole issue in cause numbers 12-15-00145-CR and 12-15-00147-CR.

## Disposition

Having overruled Appellant's sole issue, we *affirm* the trial court's judgments in cause numbers 12-15-00145-CR and 12-15-00147-CR.


## 12-15-00146-CR

In cause number 12-15-00146-CR, Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the procedural history of the case, and further states that Appellant's counsel is unable to raise any arguable issues for appeal. Appellant filed a pro se brief in which she raised an issue concerning ineffective assistance of counsel. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion to withdraw is hereby ***granted***, and the trial court's judgment in appellate cause number 12-15-00146-CR is ***affirmed***. *See In re Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the date the last timely filed motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk for the Texas Court of Criminal Appeals along with the rest of the filings in the case. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

BRIAN HOYLE
Justice

Opinion delivered July 6, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 6, 2016

NO. 12-15-00145-CR

**BRITTANY MICHELLE BARRETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0873-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 6, 2016

NO. 12-15-00146-CR

**BRITTANY MICHELLE BARRETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0874-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 6, 2016

NO. 12-15-00147-CR

**BRITTANY MICHELLE BARRETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0875-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*